OPINION OF THE COURT
Alan C. Marin, J.
*511 On June 17, 2004, claimant filed his claim against the State of New York for unjust conviction and imprisonment. He was represented by the law firm of Romano & Kuan, which at the time consisted of three lawyers, the named partners Julia Kuan and Wilfred Romano — and associate Mary Kim. Ms. Kim handled Mr. Maldonado’s Court of Claims Act § 8-b case and, in view of her nine years of experience, did so with little supervision. It is undisputed that she conversed regularly with the claimant, discussed litigation strategy with Ms. Kuan, had access to every item in the case file and made all court appearances on behalf of Mr. Maldonado in his civil action while at the firm.
Kim, who had started with Romano & Kuan in 2003, left the firm in December of 2004. It was not until March of 2005 that Kuan learned that her former associate had obtained employment with the Claims Bureau of the Office of the Attorney General, which is the unit defending the State of New York against Maldonado’s claim.
In Kassis v Teacher’s Ins. & Annuity Assn. (93 NY2d 611 [1999]), Mr. Kassis had retained the law firm of Weg & Myers to prosecute a suit against defendant Teacher’s Insurance and Annuity Association over property damage to a building he owned. During the lawsuit, an associate at the Weg & Myers firm, Charles Arnold, who had actively participated in the Kassis litigation, was hired by Thurm & Heller, the law firm that defendant had retained in the matter. The Court of Appeals disqualified the Thurm & Heller firm from the Kassis suit, stating:
“Attorneys owe a continuing duty to former clients not to reveal confidences learned in the course of their professional relationship. It is this duty that provides the foundation for the well-established rule that a lawyer may not represent a client in a matter and thereafter represent another client with interests materially adverse to interests of the former client in the same or a substantially related matter . . . These same principles give rise to the general rule that, where an attorney working in a law firm is disqualified from undertaking a subsequent representation opposing a former client, all the attorneys in that firm are likewise precluded from such representation . . . .” (93 NY2d at 615-616 [citations omitted].)
The disqualification of an entire firm, the Court added, is a presumption which can be rebutted. No presumption arises if *512 the attorney changing firms does not acquire confidential client information; if he or she does however, the party seeking to avoid disqualification must show that the information obtained by the disqualified attorney is not likely to be material or significant in the litigation. Here, Ms. Kim had been directly and actively involved in Mr. Maldonado’s Court of Claims Act § 8-b case, at least as much as Mr. Arnold was on behalf of Mr. Kassis. That is why disqualification did not obtain in Solow v Grace & Co.* for the group of lawyers and paraprofessionals at issue— most had left the law firm long before the subject litigation, and the role of those remaining from the prior litigation had been negligible.
In the Kassis case, the new law firm provided a written set of measures which it planned to use to prevent Arnold’s inadvertent disclosure of information he had obtained while at plaintiffs law firm: (1) the entire file of some 15 folders would be kept in the office of the partner in charge of the case; (2) the new associate’s office would be at a “substantial distance” from the partner’s office; (3) Arnold would be instructed “not to touch” the Kassis file nor to discuss the case with any lawyer or staff member of his new firm; (4) there would be no meetings or discussions about the case in Arnold’s presence; and (5) all future associates who might work on the Kassis matter would be told not to discuss it with Arnold (93 NY2d at 615).
As we have seen, such plan did not save the client for Thurm & Heller. Defendant in the instant case had a similar plan to screen off Kim. (See second attachment to exhibit A to defendant’s affirmation in opposition.)
In view of the foregoing, and having considered the submissions of the parties, claimant’s motion (No. M-70765) to disqualify the Office of the Attorney General of the State of New York from representing defendant State of New York in this matter is granted.

 83 NY2d 303 (1994).